| | |
|---|---|
| 1 | LAW OFFICES OF NICHOLAS GEBELT |
| | NICHOLAS W. GEBELT (SBN 217362) |
| 2 | 15150 Hornell Street |
| | Whittier, California 90604 |
| 3 | Telephone: (562) 777-9159 |
| | Facsimile: (562) 946-1365 |
| 4 | Email: ngebelt@goodbye2debt.com |
| 5 | Attorney for Debtor, Romy Reyes |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | | |
|---|---|---|
| 9 | In re: ROMY REYES | Bk. No. 2:13-bk-26698-SK |
| 10 | | |
| 11 | | Chapter 13 |
| 12 | | **MOTION FOR APPROVAL OF SETTLEMENT STIPULATION RESOLVING DISPUTE BETWEEN DEBTOR ROMY REYES AND CREDITOR SETERUS** |
| 13 | | |
| 14 | | |
| 15 | | Date: January 9, 2014 |
| 16 | | Time: 9:00 a.m. |
| | | Place: Courtroom 1575 |
| 17 | | 255 East Temple Street |
| | | Los Angeles, CA 90012 |
| 18 | | |

**THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE:**

Chapter 13 Debtor, Mr. Romy Reyes, and Creditor Seterus, Inc. hereby respectfully move the Court to approve the attached Settlement Stipulation resolving the dispute between them. The dispute led Mr. Reyes to file his Motion For An Order To Show Cause Why Seterus Should Not Be Found In Contempt ("OSC Motion") as docket entry 19. In light of the fact that the dispute has been resolved, Mr. Reyes and Seterus respectfully ask the Court to excuse appearances at the hearing on the OSC Motion scheduled for January 9, 2014 at 9:00 a.m.

DATED: January 7, 2014

Respectfully submitted,

LAW OFFICES OF NICHOLAS GEBELT

By: *[signature]*
Nicholas W. Gebelt
Attorney for ROMY REYES

| In re: | | CHAPTER: 13 |
|---|---|---|
| Romy Sabangan Reyes | Debtor(s). | CASE NUMBER: 2:13-bk-26698 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Law Offices of Nicholas Gebelt
15150 Hornell Street
Whittier, CA 90604

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR APPROVAL OF SETTLEMENT STIPULATION RESOLVING DISPUTE BETWEEN DEBTOR ROMY REYES AND CREDITOR SETERUS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **06/07/2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery, Chapter 13 Trustee     efiling@CH13LA.com
Nicholas W Gebelt, Debtor's Attorney    Romy Sabangan Reyes
Andrew David Goldberg                   agoldberg@rosicki.com
United States Trustee                   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **06/07/2013**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012
Nichole Glowin, Seterus's Attorney, 4665 MacArthur Court, Suite 200, Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 7, 2014 | Nicholas Gebelt 217362 | /s/ Nicholas Gebelt |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    **9013-3.1.PROOF.SERVICE**

LAW OFFICES OF NICHOLAS GEBELT
NICHOLAS W. GEBELT  (SBN 217362)
15150 Hornell Street
Whittier, California 90604
Telephone:  (562) 777-9159
Facsimile:   (562) 946-1365
Email:       ngebelt@goodbye2debt.com

Attorney for Debtor, Romy Reyes

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re: ROMY REYES | Bk. No. 2:13-bk-26698-SK |
|---|---|
| | Chapter 13 |
| | **SETTLEMENT STIPULATION RESOLVING DISPUTE BETWEEN DEBTOR, ROMY REYES, AND CREDITOR, SETERUS, INC.** |
| | Date:  January 9, 2014<br>Time:  9:00 a.m.<br>Place: Courtroom 1575<br>       255 East Temple Street<br>       Los Angeles, CA  90012 |

This Settlement Stipulation and Mutual General Release ["Settlement Stipulation"] is entered into by and between debtor, ROMY REYES ["Debtor"], on the one hand, and creditor, SETERUS, INC. ["Seterus"], on the other hand, and is effective as of December 20, 2013. Debtor and Seterus are sometimes hereinafter collectively referred to as "the Parties."

RECITALS

1.       That on June 27, 2013 Debtor filed Chapter 13 bankruptcy papers with the United States Bankruptcy Court for the Central District of California, Los Angeles Division, and the Court assigned to him the case number 2:13-bk-26698-SK.

2.       That on August 16, 2013 the Honorable Sandra R. Klein, United States Bankruptcy Judge, confirmed Debtor's Chapter 13 Plan, which plan included the standard

Addendum approved for use in the Central District of California.

3. That the terms of the confirmed plan required Seterus to resume sending monthly statements directly to Debtor, and Seterus refused to comply with this requirement in spite of many requests by phone, fax, and letter from Debtor's counsel, Mr. Nicholas Gebelt.

4. That on November 21, 2013 Debtor filed his Motion For An Order To Show Cause Why Seterus Should Not Be Found In Contempt For Willfully Violating Judge Klein's Order Confirming Mr. Reyes's Plan ("Motion"). The hearing on the Motion is set to take place on January 9, 2014 at 9:00 a.m. in Courtroom 1575 of 255 East Temple Street, Los Angeles, CA 90012.

5. That Seterus has listed erroneous postpetition charges of $327.48 and $15.00 on the monthly statements it has sent to Mr. Gebelt. That in multiple phone calls to Seterus, Seterus's representatives have agreed that the charges were erroneous.

6. That the Parties seek to extinguish all claims existing and arising from their disputes and differences as to their rights, duties and obligations each has arising from the matters referred to in the Motion and underlying Bankruptcy Case.

7. Following good faith negotiations, the Parties desire to compromise and settle any and all claims arising out of or related to the matters set forth in this Settlement Stipulation.

STIPULATION

In consideration of the recitals, covenants and conditions contained in this Settlement Stipulation, and for mutual promises, the Parties agree as follows:

1. OBLIGATIONS OF SETERUS

Beginning in January 2014 Seterus will send monthly informational statements directly to Debtor. The sending of such statements will not constitute a violation of the automatic stay of 11 U.S.C. § 362(a), provided the statements contain the statement: "If you are currently in a

bankruptcy case, this statement is for informational purposes only, and does not constitute an attempt to collect a debt." Failure to comply with the terms of this paragraph will constitute a breach of this Settlement Stipulation and will create a new cause of action for contempt that will not be covered by this Settlement Stipulation.

Seterus will remove the erroneous aforementioned charges from Debtor's account and from all future billings and statements associated with Debtor's account. Failure to do so will constitute a breach of this Settlement Stipulation and will create a new cause of action for contempt that will not be covered by this Settlement Stipulation.

Seterus will deliver an executed copy of this Settlement Stipulation to Mr. Gebelt to be submitted to the Court for approval.

No later than January 3, 2014, Seterus will deliver a check for $7,500.00, made out to "Law Offices Of Nicholas Gebelt" to Law Offices Of Nicholas Gebelt, 15150 Hornell Street, Whittier, CA 90604. This will give enough time for Mr. Gebelt to withdraw the Motion.

2.   OBLIGATIONS OF DEBTOR

As soon as Mr. Gebelt has received the executed Settlement Stipulation and the check for $7,500.00, Debtor will submit the Settlement Stipulation to the Court for approval, and will withdraw the Motion.

3.   ENTIRE UNDERSTANDING OF THE PARTIES

This Settlement Stipulation contains the entire understanding of the Parties relating to the subject matter herein, and supersedes all prior negotiations and stipulations. Any modification of this Settlement Stipulation must be in writing and signed by the Parties.

4   EXECUTION OF THE SETTLEMENT STIPULATION

This Settlement Stipulation may be signed in one or more counterparts. The parties to this Settlement Stipulation will execute all documents and perform all acts necessary and proper

3

SETTLEMENT STIPULATION BETWEEN ROMY REYES AND SETERUS
05-30-13-01-NWG

to effectuate the terms of this Settlement Stipulation.

5. INDEPENDENT ACCEPTANCE OF SETTLEMENT STIPULATION

The Parties to this Settlement Stipulation each warrant that they have had ample opportunity to discuss this Settlement Stipulation with their respective counsel, and are agreeing to this Settlement Stipulation based on their own independent judgment and on the advice of their own counsel, and not in reliance on any warranty or representation, express or implied, of any nature or kind, of any other party.

6. CHOICE OF LAWS

This Settlement Stipulation shall be construed, enforced, and administered in accordance with the laws of the United States of America and the State of California. If any provision of this Stipulation or its exhibits shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall any such provision affect, impair or invalidate any other provisions hereof.

7. JOINT DRAFTING

This Settlement Stipulation is jointly drafted and shall not be construed against any party on the ground that the Settlement Stipulation or any part of it was drafted by one party rather than the other.

8. SUCCESSORS AND THIRD PARTIES

Each covenant set forth in this Settlement Stipulation shall inure to the benefit of and be binding upon the Parties to this Settlement Stipulation and their respective heirs, successors, assignees, attorneys, agents, employees, employers, joint venturers, representatives (past and present), and related entities, and each of them. Further, the release of the Parties and entities who are not signatories to this Settlement Stipulation or the attached Release is made expressly for their benefit and they shall be deemed third party beneficiaries of the same.

9. **MEANING OF PRONOUNCED AND EFFECT OF CAPTIONS**

As used in this Stipulation and the attached exhibits, the masculine, feminine, and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires. Captions and paragraph headings are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text.

10. **ADMISSION**

This Settlement Stipulation is intended to be in compromise and settlement of doubtful, disputed, and unliquidated claims. Nothing herein shall constitute or be asserted as constituting any admission of liability or wrongdoing by or against any Party hereto.

11. **ATTORNEYS' FEES AND COSTS**

Debtor shall pay Mr. Gebelt $5,000.00 in costs and attorney's fees out of the $7,500.00, and shall make no further demand on Seterus for any additional costs and attorney's fees associated with the matters that are the subject of this Settlement Stipulation.

Seterus shall cover its own costs and attorney's fees, and shall make no demand on Debtor for any of its costs and attorney's fees associated with the matters that are the subject of this Settlement Stipulation.

12. **CONTRACTUAL**

The terms of this Settlement Stipulation are contractual and not merely recital. This Settlement Stipulation shall be deemed fully executed and effective when all Parties have executed it. This document shall be executed in counterparts, and when each Party hereto has signed and delivered at least one (1) of such counterpart, each counterpart shall be deemed an original and one, taken together with other signed counterparts, and shall constitute one Stipulation, which shall be binding upon and effective as to all Parties hereto.

IN WITNESS WHEREOF, the Parties hereto have executed this stipulation

effective on the day and year set forth above.

DATED: 1/6/2014

_____
ROMY REYES – Debtor

DATED: 1/6/2014

_____
Authorized Agent for SETERUS - Creditor

**APPROVED AS TO FORM AND CONTENT:**

DATED: 1/6/2014

_____
BY: NICHOLAS W. GEBELT

LAW OFFICES OF NICHOLAS W. GEBELT

Attorneys for Debtor, ROMY REYES

DATED: 1/6/14

_____
BY: NICHOLE GLOWIN

WRIGHT FINLAY & ZAK

Attorneys for SETERUS - Creditor

6

SETTLEMENT STIPULATION BETWEEN ROMY REYES AND SETERUS

05-30-13-01-NWG